**BRYAN CAVE LEIGHTON PAISNER LLP**
Marcy J. Bergman, California Bar No. 75826
Alexandra C. Whitworth, California Bar No. 303046
Esther Sanchez-Gomez, California Bar No. 330408
Three Embarcadero Center, 7th Floor
San Francisco, CA  94111-4070
Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
Email:        marcy.bergman@bclplaw.com
              alex.whitworth@bclplaw.com
              esther.sg@bclplaw.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LIMITED d/b/a SHEIN and ROMWE, a Hong Kong corporation, and DOES 1-50,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR**<br><br>**(1)  FEDERAL TRADEMARK INFRINGEMENT**<br>**(2)  FEDERAL FALSE DESIGNATION OF ORIGIN**<br>**(3)  TRADEMARK DILUTION**<br>**(4)  CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(5)  COMMON LAW UNFAIR COMPETITION**<br>**(6)  CALIFORNIA STATUTORY TRADEMARK DILUTION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed: |

1. Plaintiff AIRWAIR INTERNATIONAL LTD. is a wholly-owned subsidiary of Dr. Martens AirWair Group Ltd. and is engaged in the design, manufacture, marketing, and sale of Dr. Martens® footwear (Airwair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to collectively hereafter as "AirWair").  AirWair International Ltd. is a company of the United Kingdom, located and doing business at Cobbs Lane, Wollaston, Northamptonshire, United Kingdom, NN29 7SW.

2. On information and belief, Defendant ZOETOP BUSINESS CO., LIMITED ("ZoeTop") is a Hong Kong corporation located and doing business at Rm 112 19/F TAIKOO SHING, 14 Taikoo Wan Rd., Quarry Bay, Hong Kong SAR.  Using the trade names SHEIN and ROMWE, ZoeTop conducts substantial e-commerce business and markets, distributes, and sells clothing and footwear products in the United States and within this District through the websites, https://www.shein.com and https://www.romwe.com.  ZoeTop's footwear products are the subject matter of this action.

3. ZoeTop, a Hong Kong-entity, has directed its activities, including the sale of infringing footwear, specifically towards the State of California.  Under the tradenames SHEIN and ROMWE, and using websites ZoeTop owns for each, ZoeTop's e-commerce business and supporting marketing activities have been specifically directed at the California market.  Both the SHEIN and ROMWE Terms and Conditions assert that the law of California is the governing law for the websites. **Exhibit 1.**  In March of 2020, SHEIN advertised that items ship "from the nearest facility that stocks the item," listing warehouses in "California, New Jersey, China, Dubai, and Belgium." **Exhibit 2.**  SHEIN also hosted four "pop-up" events in California, in the cities of San Francisco, San Jose, San Diego, and Los Angeles. **Exhibit 3**. Furthermore, it put on a "Spring Campus Tour" in the spring of 2019 with pop-ups at five Southern California universities.  *Id.*  SHEIN also hosted two charity events in Los Angeles: SHEIN4paws and SHEINmakeawish.  *Id.*  ROMWE also hosted a "ROMWE Summer Tour" and a "Fall for ROMWE Tour" in multiple California cities during the summer and fall of 2019.  *Id.*  The SHEIN website

states, under "About Us," that "SHEIN mainly targets Europe, **America**, Australia, and the Middle East" and has "websites supporting the United States" for sale of its goods. Finally, each site features a variety of clothes featuring California or the cities therein. *Id.*

4.  Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). AirWair will seek leave of Court to substitute their true names when they become known.

## JURISDICTION AND VENUE

5.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

6.  This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because ZoeTop conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering retail goods and products to consumers located within this District.

## FACTUAL ALLEGATIONS

8.  AirWair is headquartered in England and, through its predecessor companies, has manufactured footwear since 1901. AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960. Dr. Martens footwear is famous worldwide, and has been sold not only in England, but also throughout Europe and the United States. It has also been sold in Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in Canada, Mexico, and Central and South America; in Australia and New Zealand; and in the Middle East.

9.  Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes, and sandals in the United States using distinctive trade dress that features yellow

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

602575890.2

stitching in the welt area of the shoe, a two-tone sole edge, a grooved sole edge, the distinctive "DMS" sole pattern and angled heel, and a fabric heel loop.

10. Dr. Martens footwear is widely recognized and extremely popular and has achieved recognition as ranking among the world's greatest and most recognizable brands. The distinctive trade dress of its iconic boots and shoes has been used by the company since 1960 and is world famous. Over the past 35 years, millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been sold in the United States.

11. The AirWair trade dress represents the "DNA" of the Dr. Martens brand. As such, consumers recognize the trade dress on many different Dr. Martens styles as a way to identify genuine Dr. Martens brand footwear.

12. The iconic Dr. Martens 1460 boot is shown below:



13. The AirWair trade dress, which is used in the 1460 boot among many other iconic AirWair styles, consists of the combination of the following features: 1) yellow welt stitching; 2) a grooved sole edge; 3) an angled heel; 4) a two tone sole edge; 5) the DMS sole pattern; 6) the "DMS" cleat pattern; and 7) a yellow and black heel loop ("AirWair Trade Dress").

14. The AirWair Trade Dress has been in use in the United States since at least 1984.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

15. From time to time, AirWair creates new Dr. Martens designs, with each new style incorporating essential trade dress features of the classic Dr. Martens footwear to identify the product as genuine Dr. Martens brand footwear. In 2013, AirWair began marketing a new style called the "Jadon" boot, which uses classic trade dress elements that consumers recognize and associate with the Dr. Martens brand. The Jadon style is hugely popular and has become an icon of the brand.

16. The AirWair trade dress used in the Jadon boot consists of the combination of the following features: 1) contrast welt stitching; 2) a grooved sole edge; 3) an angled heel; 4) a distinctive, double-layered platform sole; 5) the AirWair "Quad" cleat pattern; and 6) a yellow and black heel loop ("Jadon Trade Dress"):

 

17. AirWair also holds registrations for its trade dress and trademarks throughout the world, including but not limited to the following registrations in the United States Patent and Trademark Office. *See* Exhibits 4-12 ("AirWair Trademark Registrations").

| Trade Dress Mark[1] | Design Element (where applicable) | Goods/Services |
|---|---|---|
| **Footwear Design** *(incontestable mark) 2,437,750 03/27/2001<br><br>Attached as **Exhibit 4** | | Class 25: Footwear<br><br>Notes: The mark consists of a welt stitch located around the perimeter of footwear. The phantom lining is not a part the mark, but merely indicates the position of the mark. The drawing of the welt stitch is lined for the color yellow and claim is made to color. |
| **Footwear Design** *(incontestable mark) 2,437,751 03/27/2001<br><br>Attached as **Exhibit 5** | | Class 25: Footwear<br><br>Notes: The mark consists of the combination of yellow stitching in the welt area and a two-tone grooved sole edge. The drawing of the welt stitch is lined for the color yellow, and claim is made to color. |
| **Footwear Design (The "DMS undersole")** *(incontestable mark) 2,102,468 10/07/1997<br><br>Attached as **Exhibit 6** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of an undersole. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |

---

[1] An "*" denotes that a declaration of continued use has been filed under Section 15 of the Lanham Act and the mark has become incontestable.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

| | | |
|---|---|---|
| **Footwear Design**<br>5,067,689<br>10/25/2016<br><br>Attached as **Exhibit 7** | | Class 25: Footwear<br><br>Notes: The mark consists of the design of a sole edge including longitudinal ribbing, and a dark color band over a light color. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |
| **Footwear Design**<br>5,067,692<br>10/25/2016<br><br>Attached as **Exhibit 8** | | Class 25: Footwear<br><br>Notes: The mark consists of longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab located at the top back heel of footwear. |
| **Footwear Design**<br>*(incontestable mark)<br>2,835,657<br>4/27/2004<br><br>Attached as **Exhibit 9** | | Class 25: Footwear<br><br>Notes: The mark consists of the word "AIRWAIR" in stylized yellow lettering on a black loop affixed to the heel of footwear, as shown in the accompanying drawing. The drawing is lined for the colors yellow and black, and color is claimed as a feature of the mark. The phantom lining is not a part of the mark, but merely indicates the position of the mark. |

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

| | | |
|---|---|---|
| **AIRWAIR (stylized)** *(incontestable mark) 2,904,858 11/23/2004<br><br>Attached as **Exhibit 10** | AirWair | Class 25: Footwear<br><br>Notes: Color is not claimed as a feature of the mark. |
| **AIRWAIR WITH BOUNCING SOLES*** (incontestable mark) 1,940,547 12/12/1995<br><br>Attached as **Exhibit 11** | AirWair WITH SOLES Bouncing | Class 25: Footwear<br><br>Notes: The drawing is lined for the color yellow and color is a feature of the mark. |
| **WITH BOUNCING SOLES** 6,167,927 10/6/2020<br><br>Attached as **Exhibit 12** | WITH BOUNCING SOLES | Class 25: Footwear<br><br>Notes: The mark consists of standard characters without claim to any particular font style, size or color. |

18. AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for the Trade Dress Registrations and Trademark Registrations referenced in Exhibits 4, 5, 6, 9, 10, and 11, and those marks have thus become incontestable.

19. The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of AirWair's exclusive right to use the trade dress and marks described therein in connection with the goods identified therein and other commercial goods.

20. The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are unique and distinctive when applied to the high-quality Dr. Martens

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111

602575890.2

1  brand footwear and related merchandise, and identify the merchandise as high-quality
2  goods from AirWair.
3    21. The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark
4  Registrations qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and
5  such marks have been continuously used and never abandoned.
6    22. The distinctive AirWair Trade Dress, Jadon Trade Dress, and AirWair
7  Trademark Registrations, and each of the individual features thereof, are distinctive or
8  have acquired distinctiveness, and are non-functional.
9    23. In 2020, AirWair celebrates the 60th anniversary of its classic Dr. Martens
10 footwear with its distinctive AirWair Trade Dress.
11   24. ZoeTop has marketed, distributed, and sold shoes and boots that are direct
12 and obvious copies of the distinctive AirWair Trade Dress, Jadon Trade Dress, and
13 features described in the AirWair Trademark Registrations in violation of AirWair's rights.
14 The similarities are obvious and clearly intentional as shown below:

 

Genuine Dr. Martens® "1460 Smooth Leather Lace Up Boot"    ZoeTop (SHEIN) Infringing Footwear "Men Lace-Up Martin Boot"



Genuine Dr. Martens® "Jadon" Boot



ZoeTop (SHEIN) Infringing Footwear
"Lace-Up Front Combat Boot"

 

Genuine Dr. Martens® AIRWAIR WITH BOUNCING SOLES Heel Tab

 

ZoeTop (ROMWE) Infringing Heel Tab
"Slogan Ribbon Decor Patent Chelsea Boots"



Genuine Dr. Martens® DMS Undersole
"1460 Smooth Leather Lace Up Boot"



ZoeTop (SHEIN) Infringing Undersole
"Men Lace-up Martin Boot"

10
COMPLAINT
602575890.2



Genuine Dr. Martens® Blaire Women's Patent Leather Gladiator Sandals



ZoeTop (SHEIN) Infringing Footwear
"Strappy Ankle Strap Sandals"



Genuine Dr. Martens® Jadon Smooth Leather Platform Boots



ZoeTop (SHEIN) Infringing Footwear
"Lace Front Platform Lug Sole Combat Boot"

25.  The infringing styles marketed and sold by ZoeTop include, but are not limited to, the styles listed below, each of which is pictured in **Exhibit 13** attached hereto (the "Infringing Footwear").

- ROMWE "Guys Lace-up Front Combat Boots,"

- ROMWE "Lace-Up Combat Boots,"
- ROMWE "Lace-up Front Combat Boots,"
- ROMWE "Lug Sole Lace Up Combat Boots,"
- ROMWE "Slogan Ribbon Decor Patent Chelsea Boots,"
- ROMWE "Solid Lace Up Boots,"
- ROMWE "Zip Front Lace-Up Combat Boots,"
- SHEIN "Chunky Sole Chelsea Boots,"
- SHEIN "Croc Embossed Lace-Up Combat Boots,"
- SHEIN "Double Buckle Decor Lace-up Front Combat Boots,"
- SHEIN "Double Buckle Lace Up Front Combat Boots,"
- SHEIN "Lace Front Platform Lug Sole Combat Boots,"
- SHEIN "Lace-up Front Buckle Decor Combat Boots,"
- SHEIN "Lace-up Front Combat Boots,"
- SHEIN "Lace-Up Martin Boots,"
- SHEIN "Lug Sole Lace Up Combat Boots,"
- SHEIN "Men Lace-Up Front Combat Boots,"
- SHEIN "Men Lace-Up Martin Boots,"
- SHEIN "Flatform Lug Sole Chelsea Boots,"
- SHEIN "Side Zip Lace-Up Front Combat Boots,"
- SHEIN "Slogan Ribbon Decor Patent Chelsea Boots,"
- SHEIN "Solid Lace Up Boots,"
- SHEIN "Solid Lace-Up Combat Boots,"
- SHEIN "Strappy Ankle Strap Slingback Sandals,"
- SHEIN "Wide Fit Chelsea Boots," and
- SHEIN "Wing Decor Combat Boots"

These infringing styles were offered for sale, advertised, and promoted on https://www.shein.com and/or https://www.romwe.com.

602575890.2

26. ZoeTop is fully aware of the Dr. Martens brand and its famous trade dress and trademarks, which is and has been sold in the United States for more than 35 years.

27. AirWair notified ZoeTop of its infringement claims and detailed AirWair's intellectual property rights in multiple cease and desist letters from December 2019 to July 2020 strongly urging ZoeTop to stop selling the copy footwear.

28. Despite being on notice of the Trade Dress, ZoeTop deliberately continued to sell numerous styles that blatantly use the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, including AirWair's incontestable trademark for yellow welt stitching.

29. Adding insult to injury, *after* AirWair sent its first cease and desist letter, ZoeTop began advertising and selling more infringing products on the SHEIN and ROMWE websites, including footwear that features the incontestable trademark "AirWair With Bouncing Soles" heel loop.  Such action demonstrates a clear intent to sell counterfeits.

30. The counterfeiting is so transparent that customers load comments about Dr. Martens on both the SHEIN and ROMWE websites.  In an obvious effort to associate its products with Dr. Martens®, ZoeTop specifically called its copy styles "Martin Boots," using the Dr. Martens® name and registered Trademark to sell its cheaper copy products. **Exhibit 14.**

31. Upon information and belief, ZoeTop is not only creating direct copies of AirWair shoes (including shoes featuring the stylized "AirWair" heel loop and/or the "Airwair With Bouncing Soles" heel loop), but is using AirWair's photographs of genuine Dr. Martens footwear in order to entice customers to its website to buy fake copy footwear.

32. Upon information and belief, ZoeTop intentionally copied the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in order to capitalize on the reputation and fame of the Dr. Martens brand.  This is an "exceptional" and "willful" case of counterfeiting within the meaning of 15 U.S.C. §§ 1117(a), (b), and (c), because ZoeTop knowingly and intentionally infringed and intentionally sold copy footwear with

the intent to confuse consumers.  AirWair is therefore entitled to treble damages and attorneys' fees.

33. The use of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations on the infringing footwear sold by ZoeTop suggests a sponsorship and affiliation that does not exist.

34. ZoeTop has no right to use the AirWair Trade Dress, Jadon Trade Dress, or AirWair Trademark Registrations.  ZoeTop's sale, advertisement, distribution, and promotion of the infringing footwear in the United States is without authorization or consent from AirWair.

35. ZoeTop's conduct in copying AirWair has been systematic and deliberate. ZoeTop has copied the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trade Dress Marks, in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.  This is obvious not only from the appearance of the footwear, but also from ZoeTop's use of the name "Martin" for certain copy footwear products, and its use of the word mark "AirWair" on its footwear.

36. By reason of ZoeTop's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for ZoeTop's acts.  Unless restrained and enjoined, ZoeTop will continue to engage in the acts complained of and irreparably damage AirWair.  AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from ZoeTop's actions.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement in Violation of Lanham Act Section 32,**

**15 U.S.C. § 1114)**

37. AirWair realleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

38. ZoeTop has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy, or colorable

imitation of the AirWair Trademark Registrations in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

39. ZoeTop has, on or in connection with footwear products, reproduced, counterfeited, copied, and/or imitated the AirWair Trademark Registrations and has applied such reproductions, counterfeits, copies, and colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

40. ZoeTop is acting and has acted with knowledge that the copying and use of the AirWair Trademark Registrations is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

41. ZoeTop's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

42. AirWair realleges and incorporates herein by reference paragraphs 1 through 41 of this Complaint.

43. ZoeTop's unlawful copying and use of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of ZoeTop with AirWair, or as to the origin, sponsorship, or approval of ZoeTop's goods or commercial activities by AirWair; and

(b) in commercial advertising or promotion, misrepresent the nature,

characteristics, or qualities of ZoeTop's goods, services, or commercial activities.

44. ZoeTop's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

## (Federal Trademark Dilution in Violation of

## Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

45. AirWair realleges and incorporates herein by reference paragraphs 1 through 44 of this Complaint.

46. The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are distinctive and famous in the United States. ZoeTop has used and is using trademarks and trade dress on its footwear products that are substantially indistinguishable from AirWair's, after they became famous.

47. On information and belief, ZoeTop acted with knowledge of the fame and reputation of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

48. ZoeTop's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, and lessen the capacity of those marks to identify and distinguish the company's products.

49. ZoeTop's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless ZoeTop is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

50. Because ZoeTop acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)**

51. AirWair realleges and incorporates herein by reference paragraphs 1 through 50 of this Complaint.

52. ZoeTop's acts, including the unlawful use and imitation of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with the manufacture, marketing, distribution, and sale of footwear products, constitute an unlawful, unfair and/or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

53. ZoeTop's pattern and practice of imitating the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

54. ZoeTop's conduct was willful, and AirWair has been and is likely to be damaged by this conduct, including but not limited to lost profits.

## FIFTH CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

55. AirWair realleges and incorporates by reference paragraphs 1 through 54 of this Complaint.

56. ZoeTop's use and imitation of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in its footwear constitutes infringement, passing off, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of ZoeTop, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

57. ZoeTop's willful acts of misrepresentation, fraud, and deceit have unjustly enriched ZoeTop by exploiting AirWair's reputation in the market, caused harm to AirWair, and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

**(Dilution in Violation of California Business & Professions Code Section 14247, et seq.)**

58. AirWair realleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

59. The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are famous and distinctive, in that they are widely recognized by the general consuming public of this state as a designation of source AirWair's high quality goods and services.

60. After the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations became famous, ZoeTop began using trade dress and trademarks in connection with the infringing footwear that are substantially identical to AirWair's.

61. ZoeTop's actions have diluted, blurred, and tarnished the strong and positive associations represented by the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations by lessening their capacity to identify and distinguish AirWair's products and by causing AirWair's products and the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations to be associated with footwear not made, sponsored, or approved by AirWair.

62. ZoeTop acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous trade dress and trademarks.

63. ZoeTop's acts are in violation of California Business & Professions Code sections 14247, et seq., and AirWair has been and is likely to be damaged by these acts.

64. AirWair has been damaged by way of lost sales and harm to its reputation.

**PRAYER FOR RELIEF**

Wherefore, AirWair prays for judgment in its favor and against ZoeTop:

A. A preliminary and permanent injunction enjoining ZoeTop, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, affiliates, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with ZoeTop, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing, or selling the Infringing Footwear or any other footwear products that use, imitate, or copy any of the AirWair Trade Dress, Jadon Trade Dress, and/or any of the features described in the AirWair Trademark Registrations ("Enjoined Footwear").

B. An Order directing ZoeTop to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which ZoeTop has complied with the injunction.

C. An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of ZoeTop bearing images, illustrations, or representations of the Infringing Footwear and Enjoined Footwear, AirWair Trade Dress, Jadon Trade Dress, AirWair Trademark Registrations, Dr. Martens® name, AirWair name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that ZoeTop disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Footwear, sole molds, and undersole; (3) all Infringing Footwear and Enjoined Footwear be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the AirWair Trademark Registrations be immediately discontinued and

removed from operation or view.

      D.     An accounting for ZoeTop's profits arising from ZoeTop's unfair competition and trademark infringement.

      E.     An award of ZoeTop's profits to AirWair, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

      F.     An award of damages sustained by AirWair.

      G.     In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $2,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by ZoeTop.

      H.     An award of treble the actual damages awarded for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b). AirWair reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits.

      I.     Pre-judgment and post-judgment interest on the above damage awards.

      J.     An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

      K.     Such other and further relief which this Court may deem just.

## **DEMAND FOR JURY TRIAL**

AirWair hereby demands a trial by jury.

Dated: November 2, 2020                        **BRYAN CAVE LEIGHTON PAISNER LLP**

                                               By: */s/ Alexandra C. Whitworth*
                                                    Marcy J. Bergman
                                                    Alexandra C. Whitworth
                                                    Esther Sanchez-Gomez
                                               Attorneys for Plaintiff
                                             AIRWAIR INTERNATIONAL LTD.

Bryan Cave Leighton Paisner LLP
Three Embarcadero Center, 7th Floor
San Francisco, California 94111