GREENBERG TRAURIG, LLP
Valerie W. Ho (SBN 200505)
Heather Silver (SBN 285509)
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
Telephone:     (310) 586-7700
Facsimile:      (310) 586-7800
Email:          hov@gtlaw.com
                silverh@gtlaw.com

GREENBERG TRAURIG, LLP
Jie (Lisa) Li (SBN 260474)
4 Embarcadero Center, Suite 3000
San Francisco, CA 94111
Telephone:     (415) 655-1300
Facsimile:      (415) 707-2010
Email:          lil@gtlaw.com

Attorneys for ZOETOP BUSINESS CO., LIMITED
d/b/a SHEIN and ROMWE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>             Plaintiff,<br><br>vs.<br><br>ZOETOP BUSINESS CO., LIMITED d/b/a SHEIN and ROMWE, a Hong Kong corporation, and DOES 1-50,<br><br>             Defendants. | Case No. 3:20-cv-07696-SI<br><br>Hon. Susan Illston<br><br>**ZOETOP BUSINESS CO., LIMITED d/b/a SHEIN AND ROMWE'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**[JURY DEMAND]** |

1   Defendant ZOETOP BUSINESS CO., LIMITED d/b/a SHEIN and ROMWE ("ZoeTop")

2   responds to Plaintiff's Complaint as follows:

3       1.   Plaintiff AIRWAIR INTERNATIONAL LTD. is a wholly-owned subsidiary of Dr.

4   Martens AirWair Group Ltd. and is engaged in the design, manufacture, marketing, and sale of Dr.

5   Martens® footwear (Airwair International Ltd. and Dr. Martens AirWair Group Ltd. are referred to

6   collectively hereafter as "AirWair").  AirWair International Ltd. is a company of the United Kingdom,

7   located and doing business at Cobbs Lane, Wollaston, Northamptonshire, United Kingdom, NN29 7SW.

8   **ANSWER:**

9       ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

10  allegations contained in Paragraph 1 of the Complaint, and therefore, denies the allegations therein.

11      2.   On information and belief, Defendant ZOETOP BUSINESS CO., LIMITED ("ZoeTop")

12  is a Hong Kong corporation located and doing business at Rm 112 19/F TAIKOO SHING, 14 Taikoo

13  Wan Rd., Quarry Bay, Hong Kong SAR.  Using the trade names SHEIN and ROMWE, ZoeTop conducts

14  substantial e-commerce business and markets, distributes, and sells clothing and footwear products in the

15  United States and within this District through the websites, https://www.shein.com and

16  https://www.romwe.com.  ZoeTop's footwear products are the subject matter of this action.

17  **ANSWER:**

18      ZoeTop admits that it is a Hong Kong company located at Rm 112 19/F TAIKOO SHING, 14

19  Taikoo Wan Rd., Quarry Bay, Hong Kong SAR. ZoeTop further admits that it operates the e-commerce

20  sites, https://www.shein.com and https://www.romwe.com, which offer for sale and sell clothing,

21  footwear and other products, including in the United States and this District. ZoeTop admits that certain

22  footwear products are the subject of this action. Except as expressly admitted, ZoeTop denies the

23  remaining allegations of Paragraph 2.

24      3.   ZoeTop, a Hong Kong-entity, has directed its activities, including the sale of infringing

25  footwear, specifically towards the State of California.  Under the tradenames SHEIN and ROMWE, and

26  using websites ZoeTop owns for each, ZoeTop's e-commerce business and supporting marketing

27  activities have been specifically directed at the California market.  Both the SHEIN and ROMWE Terms

28  and Conditions assert that the law of California is the governing law for the websites.  **Exhibit 1**.  In

2

March of 2020, SHEIN advertised that items ship "from the nearest facility that stocks the item," listing warehouses in "California, New Jersey, China, Dubai, and Belgium." **Exhibit 2**.  SHEIN also hosted four "pop-up" events in California, in the cities of San Francisco, San Jose, San Diego, and Los Angeles. **Exhibit 3**.  Furthermore, it put on a "Spring Campus Tour" in the spring of 2019 with pop-ups at five Southern California universities.  *Id*.  SHEIN also hosted two charity events in Los Angeles: SHEIN4paws and SHEINmakeawish.  *Id*.  ROMWE also hosted a "ROMWE Summer Tour" and a "Fall for ROMWE Tour" in multiple California cities during the summer and fall of 2019.  *Id*.  The SHEIN website states, under "About Us," that "SHEIN mainly targets Europe, **America**, Australia, and the Middle East" and has "websites supporting the United States" for sale of its goods.  Finally, each site features a variety of clothes featuring California or the cities therein.  *Id*.

**ANSWER:**

ZoeTop admits that it is a Hong Kong-entity that operates the e-commerce sites, https://www.shein.com and https://www.romwe.com, which offer for sale and sell clothing, footwear and other products, including to customers in California. Zoetop also admits that pop-up shops and college campus promotional events have been operated for ZoeTop in California. ZoeTop denies the Terms referenced in paragraph 3 are the current Terms governing its websites and further denies the remaining allegations in Paragraph 3 of the Complaint.

4.      Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants").  AirWair will seek leave of Court to substitute their true names when they become known.

**ANSWER:**

The statement contained in Paragraph 4 of the Complaint does not require an answer from ZoeTop. To the extent such a response is required, ZoeTop is without sufficient information or knowledge to admit or deny the allegations in Paragraph 4, and therefore denies them.

### JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

**ANSWER:**

ZoeTop admits that Plaintiff's Complaint purports to state a claim for trademark infringement under the Lanham Act, Title 15 of the United States Code, and purports that this Court has jurisdiction over such claim pursuant to 28 U.S.C. § 1338(a). Except as expressly admitted, ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and therefore, denies the allegations therein.

6.      This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

**ANSWER:**

ZoeTop admits that Plaintiff's Complaint purports that this Court has jurisdiction over a claim for trademark infringement under the Lanham Act. Except as expressly admitted, ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and therefore, denies the allegations therein

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because ZoeTop conducts business within this District and has engaged in, and continues to engage in, acts of advertising and offering retail goods and products to consumers located within this District.

**ANSWER:**

ZoeTop denies that Plaintiff has conclusively established that venue is proper in this District under 28 U.S.C. 1391, but for purposes of this action only, ZoeTop does not contest that venue is proper. Except as expressly admitted or denied, ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore, denies the allegations therein.

**FACTUAL ALLEGATIONS**

8.      AirWair is headquartered in England and, through its predecessor companies, has manufactured footwear since 1901.  AirWair has been manufacturing and marketing Dr. Martens® footwear since 1960.  Dr. Martens footwear is famous worldwide, and has been sold not only in England, but also throughout Europe and the United States.  It has also been sold in Japan, China, Korea, Malaysia, Hong Kong, Thailand, Vietnam, and other Asian countries; in Canada, Mexico, and Central and South

4

1   America; in Australia and New Zealand; and in the Middle East.

2   **ANSWER:**

3       ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

4   allegations contained in Paragraph 8 of the Complaint, and therefore, denies the allegations therein.

5       9.      Since as early as 1984, AirWair has marketed and sold Dr. Martens boots, shoes, and

6   sandals in the United States using distinctive trade dress that features yellow stitching in the welt area of

7   the shoe, a two-tone sole edge, a grooved sole edge, the distinctive "DMS" sole pattern and angled heel,

8   and a fabric heel loop.

9   **ANSWER:**

10      ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

11  allegations contained in Paragraph 9 of the Complaint, and therefore, denies the allegations therein.

12      10.     Dr. Martens footwear is widely recognized and extremely popular and has achieved

13  recognition as ranking among the world's greatest and most recognizable brands.  The distinctive trade

14  dress of its iconic boots and shoes has been used by the company since 1960 and is world famous.  Over

15  the past 35 years, millions of pairs of shoes, boots, and sandals with the distinctive trade dress have been

16  sold in the United States.

17  **ANSWER:**

18      ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

19  allegations contained in Paragraph 10 of the Complaint, and therefore, denies the allegations therein.

20      11.     The AirWair trade dress represents the "DNA" of the Dr. Martens brand.  As such,

21  consumers recognize the trade dress on many different Dr. Martens styles as a way to identify genuine

22  Dr. Martens brand footwear.

23  **ANSWER:**

24      ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

25  allegations contained in Paragraph 11 of the Complaint, and therefore, denies the allegations therein.

26      12.     The iconic Dr. Martens 1460 boot is shown below: [Images omitted]

27  **ANSWER:**

28      ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

LA 134008585v1

allegations contained in Paragraph 12 of the Complaint, and therefore, denies the allegations therein.

13.     The AirWair trade dress, which is used in the 1460 boot among many other iconic AirWair styles, consists of the combination of the following features:  1) yellow welt stitching; 2) a grooved sole edge; 3) an angled heel; 4) a two tone sole edge; 5) the DMS sole pattern; 6) the "DMS" cleat pattern; and 7) a yellow and black heel loop ("AirWair Trade Dress"). [Images omitted]

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore, denies the allegations therein.

14.     The AirWair Trade Dress has been in use in the United States since at least 1984.

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore, denies the allegations therein.

15.     From time to time, AirWair creates new Dr. Martens designs, with each new style incorporating essential trade dress features of the classic Dr. Martens footwear to identify the product as genuine Dr. Martens brand footwear.  In 2013, AirWair began marketing a new style called the "Jadon" boot, which uses classic trade dress elements that consumers recognize and associate with the Dr. Martens brand.  The Jadon style is hugely popular and has become an icon of the brand.

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore, denies the allegations therein.

16.     The AirWair trade dress used in the Jadon boot consists of the combination of the following features:  1) contrast welt stitching; 2) a grooved sole edge; 3) an angled heel; 4) a distinctive, double-layered platform sole; 5) the AirWair "Quad" cleat pattern; and 6) a yellow and black heel loop ("Jadon Trade Dress"):

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore, denies the allegations therein.

17.     AirWair also holds registrations for its trade dress and trademarks throughout the world,

6

including but not limited to the following registrations in the United States Patent and Trademark Office. See Exhibits 4-12 ("AirWair Trademark Registrations"). [Table omitted]

**ANSWER:**

Exhibits 4-12 speak for themselves. ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore, denies the allegations therein.

18.     AirWair has filed declarations of continued use under Sections 8 and 15 of the Lanham Act for the Trade Dress Registrations and Trademark Registrations referenced in Exhibits 4, 5, 6, 9, 10, and 11, and those marks have thus become incontestable.

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore, denies the allegations therein.

19.     The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of AirWair's exclusive right to use the trade dress and marks described therein in connection with the goods identified therein and other commercial goods.

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore, denies the allegations therein.

20.     The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are unique and distinctive when applied to the high-quality Dr. Martens brand footwear and related merchandise, and identify the merchandise as high-quality goods from AirWair.

**ANSWER:**

ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint, and therefore, denies the allegations therein.

21.     The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1), and such marks have been continuously used and never abandoned.

LA 134008585v1

1
**ANSWER:**

2

3
ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint, and therefore, denies the allegations therein.

4
22.     The distinctive AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark

5
Registrations, and each of the individual features thereof, are distinctive or have acquired distinctiveness,

6
and are non-functional.

7
**ANSWER:**

8
ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

9
allegations contained in Paragraph 22 of the Complaint, and therefore, denies the allegations therein.

10
23.     In 2020, AirWair celebrates the 60th anniversary of its classic Dr. Martens footwear with

11
its distinctive AirWair Trade Dress.

12
**ANSWER:**

13
ZoeTop is without sufficient information or knowledge to form a belief as to the truth of the

14
allegations contained in Paragraph 23 of the Complaint, and therefore, denies the allegations therein.

15
24.     ZoeTop has marketed, distributed, and sold shoes and boots that are direct and obvious

16
copies of the distinctive AirWair Trade Dress, Jadon Trade Dress, and features described in the AirWair

17
Trademark Registrations in violation of AirWair's rights.  The similarities are obvious and clearly

18
intentional as shown below: [Images omitted]

19
**ANSWER:**

20
ZoeTop denies the allegations in paragraph 24.

21
25.     The infringing styles marketed and sold by ZoeTop include, but are not limited to, the

22
styles listed below, each of which is pictured in **Exhibit 13** attached hereto (the "Infringing Footwear").

23
•      ROMWE "Guys Lace-up Front Combat Boots,"

24
•      ROMWE "Lace-Up Combat Boots,"

25
•      ROMWE "Lace-up Front Combat Boots,"

26
•      ROMWE "Lug Sole Lace Up Combat Boots,"

27
•      ROMWE "Slogan Ribbon Decor Patent Chelsea Boots,"

28
•      ROMWE "Solid Lace Up Boots,"

8

1    • ROMWE "Zip Front Lace-Up Combat Boots,"

2    • SHEIN "Chunky Sole Chelsea Boots,"

3    • SHEIN "Croc Embossed Lace-Up Combat Boots,"

4    • SHEIN "Double Buckle Decor Lace-up Front Combat Boots,"

5    • SHEIN "Double Buckle Lace Up Front Combat Boots,"

6    • SHEIN "Lace Front Platform Lug Sole Combat Boots,"

7    • SHEIN "Lace-up Front Buckle Decor Combat Boots,"

8    • SHEIN "Lace-up Front Combat Boots,"

9    • SHEIN "Lace-Up Martin Boots,"

10   • SHEIN "Lug Sole Lace Up Combat Boots,"

11   • SHEIN "Men Lace-Up Front Combat Boots,"

12   • SHEIN "Men Lace-Up Martin Boots,"

13   • SHEIN "Flatform Lug Sole Chelsea Boots,"

14   • SHEIN "Side Zip Lace-Up Front Combat Boots,"

15   • SHEIN "Slogan Ribbon Decor Patent Chelsea Boots,"

16   • SHEIN "Solid Lace Up Boots,"

17   • SHEIN "Solid Lace-Up Combat Boots,"

18   • SHEIN "Strappy Ankle Strap Slingback Sandals,"

19   • SHEIN "Wide Fit Chelsea Boots," and

20   • SHEIN "Wing Decor Combat Boots"

These infringing styles were offered for sale, advertised, and promoted on, https://www.shein.com and/or https://www.romwe.com.

**<u>ANSWER</u>:**

ZoeTop admits that Exhibit 13 attached to the Complaint purports to be images of boots sold on ZoeTop's websites, https://us.shein.com and https://www.romwe.com.  ZoeTop denies the remaining allegations of Paragraph 25 of the Complaint.

26.     ZoeTop is fully aware of the Dr. Martens brand and its famous trade dress and trademarks, which is and has been sold in the United States for more than 35 years.

9

**ANSWER:**

ZoeTop denies the allegations in paragraph 26.

27.     AirWair notified ZoeTop of its infringement claims and detailed AirWair's intellectual property rights in multiple cease and desist letters from December 2019 to July 2020 strongly urging ZoeTop to stop selling the copy footwear.

**ANSWER:**

ZoeTop admits that AirWair sent cease and desist correspondence to ZoeTop accusing certain ZoeTop footwear of infringement.  ZoeTop denies the remaining allegations of Paragraph 27 of the Complaint.

28.     Despite being on notice of the Trade Dress, ZoeTop deliberately continued to sell numerous styles that blatantly use the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, including AirWair's incontestable trademark for yellow welt stitching.

**ANSWER:**

ZoeTop denies the allegations of paragraph 28.

29.     Adding insult to injury, *after* AirWair sent its first cease and desist letter, ZoeTop began advertising and selling more infringing products on the SHEIN and ROMWE websites, including footwear that features the incontestable trademark "AirWair With Bouncing Soles" heel loop.  Such action demonstrates a clear intent to sell counterfeits.

**ANSWER:**

ZoeTop denies the allegations of paragraph 29.

30.     The counterfeiting is so transparent that customers load comments about Dr. Martens on both the SHEIN and ROMWE websites.  In an obvious effort to associate its products with Dr. Martens®, ZoeTop specifically called its copy styles "Martin Boots," using the Dr. Martens® name and registered Trademark to sell its cheaper copy products.  **Exhibit 14**.

**ANSWER:**

ZoeTop admits that Exhibit 14 attached to the Complaint purports to be screenshots from ZoeTop's websites, https://www.shein.com and https://www.romwe.com.  ZoeTop denies the remaining allegations of Paragraph 30 of the Complaint.

LA 134008585v1

31.     Upon information and belief, ZoeTop is not only creating direct copies of AirWair shoes (including shoes featuring the stylized "AirWair" heel loop and/or the "Airwair With Bouncing Soles" heel loop), but is using AirWair's photographs of genuine Dr. Martens footwear in order to entice customers to its website to buy fake copy footwear.

**ANSWER:**

ZoeTop denies the allegations in paragraph 31.

32.     Upon information and belief, ZoeTop intentionally copied the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in order to capitalize on the reputation and fame of the Dr. Martens brand.  This is an "exceptional" and "willful" case of counterfeiting within the meaning of 15 U.S.C. §§ 1117(a), (b), and (c), because ZoeTop knowingly and intentionally infringed and intentionally sold copy footwear with the intent to confuse consumers.  AirWair is therefore entitled to treble damages and attorneys' fees.

**ANSWER:**

ZoeTop denies the allegations in paragraph 32.

33.     The use of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations on the infringing footwear sold by ZoeTop suggests a sponsorship and affiliation that does not exist.

**ANSWER:**

ZoeTop denies the allegations in paragraph 33.34.   ZoeTop has no right to use the AirWair Trade Dress, Jadon Trade Dress, or AirWair Trademark Registrations.  ZoeTop's sale, advertisement, distribution, and promotion of the infringing footwear in the United States is without authorization or consent from AirWair.

**ANSWER:**

ZoeTop admits that it has not received consent from AirWair to sell ZoeTop's products but denies that consent is required. ZoeTop denies the remaining allegations in paragraph 34.

35.     ZoeTop's conduct in copying AirWair has been systematic and deliberate.  ZoeTop has copied the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trade Dress Marks, in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens

11

footwear.  This is obvious not only from the appearance of the footwear, but also from ZoeTop's use of the name "Martin" for certain copy footwear products, and its use of the word mark "AirWair" on its footwear.

**ANSWER:**

ZoeTop denies the allegations in paragraph 35.36.   By reason of ZoeTop's acts, AirWair has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits AirWair would have realized but for ZoeTop's acts.  Unless restrained and enjoined, ZoeTop will continue to engage in the acts complained of and irreparably damage AirWair.  AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from ZoeTop's actions.

**ANSWER:**

ZoeTop denies the allegations in paragraph 36.

### FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act Section 32,

### 15 U.S.C. § 1114)

37.     AirWair realleges and incorporates by reference paragraphs 1 through 36 of this Complaint.

**ANSWER:**

To the extent Paragraph 37 of the Complaint requires an answer, ZoeTop repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein**.**

38.     ZoeTop has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy, or colorable imitation of the AirWair Trademark Registrations in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

**ANSWER:**

ZoeTop denies the allegations in paragraph 38.

39.     ZoeTop has, on or in connection with footwear products, reproduced, counterfeited, copied, and/or imitated the AirWair Trademark Registrations and has applied such reproductions,

12

counterfeits, copies, and colorable imitations to footwear, signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

**ANSWER:**

Denied.

40.     ZoeTop is acting and has acted with knowledge that the copying and use of the AirWair Trademark Registrations is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

**ANSWER:**

ZoeTop denies the allegations in paragraph 40.

41.     ZoeTop's acts are in violation of 15 U.S.C. § 1114, and AirWair has been and is likely to be damaged by these acts.

**ANSWER:**

ZoeTop denies the allegations in paragraph 41.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition and False Designation of Origin in Violation of**

**Lanham Act Section 43(a), 15 U.S.C. § 1125(a))**

42.     AirWair realleges and incorporates herein by reference paragraphs 1 through 41 of this Complaint.

**ANSWER:**

To the extent Paragraph 42 of the Complaint requires an answer, ZoeTop repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

43.     ZoeTop's unlawful copying and use of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with its footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

(a)     is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of ZoeTop with AirWair, or as to the origin, sponsorship, or approval of

1   ZoeTop's goods or commercial activities by AirWair; and

2                (b)      in commercial advertising or promotion, misrepresent the nature, characteristics, or

3   qualities of ZoeTop's goods, services, or commercial activities.

4   **ANSWER:**

5        ZoeTop denies the allegations in paragraph 43.

6        44.      ZoeTop's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely

7   to be damaged by these acts.

8   **ANSWER:**

9        ZoeTop denies the allegations in paragraph 44.

10                        **THIRD CLAIM FOR RELIEF**

11                    **(Federal Trademark Dilution in Violation of**

12             **Lanham Act Section 43(c), 15 U.S.C. § 1125(c))**

13        45.      AirWair realleges and incorporates herein by reference paragraphs 1 through 44 of this

14   Complaint.

15   **ANSWER:**

16        To the extent Paragraph 45 of the Complaint requires an answer, ZoeTop repeats and incorporates

17   by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

18        46.      The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are

19   distinctive and famous in the United States.  ZoeTop has used and is using trademarks and trade dress on

20   its footwear products that are substantially indistinguishable from AirWair's, after they became famous.

21   **ANSWER:**

22        ZoeTop denies the allegations in paragraph 46.

23        47.      On information and belief, ZoeTop acted with knowledge of the fame and reputation of

24   the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations with the purpose of

25   usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the

26   public.

27   **ANSWER:**

28        ZoeTop denies the allegations of paragraph 47.

14

48.     ZoeTop's actions have and are likely to dilute, blur, and tarnish the distinctive quality of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, and lessen the capacity of those marks to identify and distinguish the company's products.

**ANSWER:**

ZoeTop denies the allegations of paragraph 48.

49.     ZoeTop's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts.  Unless ZoeTop is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

**ANSWER:**

ZoeTop denies the allegations of paragraph 49.

50.     Because ZoeTop acted willfully and intentionally to trade on AirWair's reputation and cause dilution of its famous AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

**ANSWER:**

ZoeTop denies the allegations of paragraph 50.

**FOURTH CLAIM FOR RELIEF**

**(Unfair Competition in Violation of California Business**

**& Professions Code Section 17200, et seq.)**

51.     AirWair realleges and incorporates herein by reference paragraphs 1 through 50 of this Complaint.

**ANSWER:**

To the extent Paragraph 51 of the Complaint requires an answer, ZoeTop repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

52.     ZoeTop's acts, including the unlawful use and imitation of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with the manufacture, marketing, distribution, and sale of footwear products, constitute an unlawful, unfair and/or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and

Professions Code §§ 17200, et seq.

**ANSWER:**

ZoeTop denies the allegations of paragraph 52.

53.     ZoeTop's pattern and practice of imitating the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in connection with footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

**ANSWER:**

ZoeTop denies the allegations of paragraph 53.

54.     ZoeTop's conduct was willful, and AirWair has been and is likely to be damaged by this conduct, including but not limited to lost profits.

**ANSWER:**

ZoeTop denies the allegations of paragraph 54.

**FIFTH CLAIM FOR RELIEF**

**(Common Law Unfair Competition)**

55.     AirWair realleges and incorporates by reference paragraphs 1 through 54 of this Complaint.

**ANSWER:**

To the extent Paragraph 55 of the Complaint requires an answer, ZoeTop repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein.

56.     ZoeTop's use and imitation of the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations in its footwear constitutes infringement, passing off, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of ZoeTop, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

**ANSWER:**

ZoeTop denies the allegations of paragraph 56.

57.     ZoeTop's willful acts of misrepresentation, fraud, and deceit have unjustly enriched

16

ZoeTop by exploiting AirWair's reputation in the market, caused harm to AirWair, and violated AirWair's rights.

**ANSWER:**

ZoeTop denies the allegations of paragraph 57.

### SIXTH CLAIM FOR RELIEF

**(Dilution in Violation of California Business & Professions Code**

**Section 14247, et seq.)**

58.     AirWair realleges and incorporates by reference paragraphs 1 through 57 of this Complaint.

**ANSWER:**

To the extent Paragraph 58 of the Complaint requires an answer, ZoeTop repeats and incorporates by reference its answers to all prior allegations contained in the Complaint as if fully set forth herein**.**

59.     The AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations are famous and distinctive, in that they are widely recognized by the general consuming public of this state as a designation of source AirWair's high quality goods and services.

**ANSWER:**

ZoeTop denies the allegations of paragraph 59.

60.     After the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations became famous, ZoeTop began using trade dress and trademarks in connection with the infringing footwear that are substantially identical to AirWair's.

**ANSWER:**

ZoeTop denies the allegations of paragraph 60.

61.     ZoeTop's actions have diluted, blurred, and tarnished the strong and positive associations represented by the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations by lessening their capacity to identify and distinguish AirWair's products and by causing AirWair's products and the AirWair Trade Dress, Jadon Trade Dress, and AirWair Trademark Registrations to be associated with footwear not made, sponsored, or approved by AirWair.

LA 134008585v1

1   **ANSWER:**

2       ZoeTop denies the allegations of paragraph 61.

3       62.     ZoeTop acted willfully and intentionally to trade on AirWair's reputation and cause

4   dilution of its famous trade dress and trademarks.

5   **ANSWER:**

6       ZoeTop denies the allegations of paragraph 62.

7       63.     ZoeTop's acts are in violation of California Business & Professions Code sections 14247,

8   et seq., and AirWair has been and is likely to be damaged by these acts.

9   **ANSWER:**

10      ZoeTop denies the allegations of paragraph 63.

11      64.     AirWair has been damaged by way of lost sales and harm to its reputation.

12  **ANSWER:**

13      ZoeTop denies the allegations of paragraph 64.

14                          **PRAYER FOR RELIEF**

15      Wherefore, AirWair prays for judgment in its favor and against ZoeTop:

16      A.      A preliminary and permanent injunction enjoining ZoeTop, its officers, shareholders,

17  agents, servants, employees, attorneys, successors and assigns, affiliates, suppliers, manufacturers,

18  distributors, business partners, e-tailers, retailers, and those in privity with ZoeTop, and those persons in

19  active concert or participation with any of them who receive actual notice of the judgment by personal

20  service or otherwise, from manufacturing, marketing, distributing, or selling the Infringing Footwear or

21  any other footwear products that use, imitate, or copy any of the AirWair Trade Dress, Jadon Trade

22  Dress, and/or any of the features described in the AirWair Trademark Registrations ("Enjoined

23  Footwear").

24      B.      An Order directing ZoeTop to file with this Court and serve on AirWair's counsel within

25  30 days after service of an injunction, a report under oath setting forth in detail the manner and form in

26  which ZoeTop has complied with the injunction.

27      C.      An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line

28  sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and

                                    18

advertisements in the possession or control of ZoeTop bearing images, illustrations, or representations of the Infringing Footwear and Enjoined Footwear, AirWair Trade Dress, Jadon Trade Dress, AirWair Trademark Registrations, Dr. Martens® name, AirWair name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed in accordance with written instructions from AirWair; (2) that ZoeTop disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Footwear, sole molds, and undersole; (3) all Infringing Footwear and Enjoined Footwear be delivered to AirWair or destroyed in accordance with written instructions from AirWair; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the AirWair Trademark Registrations be immediately discontinued and from operation or view.

D.    An accounting for ZoeTop's profits arising from ZoeTop's unfair competition and trademark infringement.

E.    An award of ZoeTop's profits to AirWair, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

F.    An award of damages sustained by AirWair.

G.    In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $2,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by ZoeTop.

H.    An award of treble the actual damages awarded for use of a counterfeit mark pursuant to 15 U.S.C. § 1117(b).  AirWair reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits.

I.    Pre-judgment and post-judgment interest on the above damage awards.

J.    An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

K.    Such other and further relief which this Court may deem just.

**ANSWER:**

ZoeTop denies that Plaintiff is entitled to the relief sought in Paragraphs A to K or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     Per Federal Rule of Civil Procedure 8(c), ZoeTop asserts the following affirmative and other defenses in response to the allegations in the Complaint. ZoeTop expressly reserves the right to assert any other defenses that may now exist or in the future may be available based on discovery and further factual investigation of this case.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

2.     Plaintiff's Complaint, or one or more claims for relief set forth therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Laches)

3.     Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE
### (Estoppel/Waiver)

4.     Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE
### (Genericism)

5.     One or more of AirWair's purported trademarks and/or trade dress, including elements such as welt stitching, cleats, single or two-tone soles, platform soles, grooved soles, and heel loop, are invalid because they are generic.

### FIFTH AFFIRMATIVE DEFENSE
### (Functionality)

6.     One or more of AirWair's purported trademarks and/or trade dress are invalid because the claimed elements, including welt stitching, cleats and soles, are primarily functional.

### SIXTH AFFIRMATIVE DEFENSE
### (Fair Use)

7.     AirWair's claims are barred in whole or in part by the doctrines of fair use or nominative fair use.

LA 134008585v1

**SEVENTH AFFIRMATIVE DEFENSE**
**(Lack of Secondary Meaning)**

8.    One or more of AirWair's purported trademarks or trade dress are invalid because they are not supported by secondary meaning.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Trademark Misuse)**

9.    AirWair's claims are barred by the doctrine of trademark misuse in that AirWair has attempted to use its purported trademarks and trade dress in an overly broad manner for anticompetitive purposes to drive competitors out of the market.

**NINTH AFFIRMATIVE DEFENSE**
**(Adequate Remedy at Law)**

10.    The alleged injury or damage suffered by Plaintiff, if any, would be adequately compensated by damages. Accordingly, Plaintiff has a complete and adequate remedy at law and is not entitled to equitable relief.

**TENTH AFFIRMATIVE DEFENSE**
**(Duplicative Claims)**

11.    Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims against ZoeTop or others for an alleged single wrong.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Treble or Punitive Damages)**

12.    ZoeTop alleges that no treble or punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California because (i) an award of treble or punitive or exemplary damages would be unconstitutional under the United States and California Constitution; specifically, the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of treble or punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any treble or punitive or exemplary damages in this lawsuit would constitute an

excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code or the United States Constitution and the due process clause; and (v) treble or punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary and without sufficient constraints or protection against arbitrary and excessive awards.

## TWELVE AFFIRMATIVE DEFENSE
### (No Extraterritorial Application)

13.     To the extent AirWair is seeking a global injunction or an accounting of global sales, such relief is barred because AirWair is only asserting U.S. trademark registrations and trade dress rights under U.S. statutory and common law, AirWair cannot establish that it possesses the same or similar rights in a number of other countries, and extraterritorial application of U.S. trademark law in this context would conflict with the laws and sovereignty of other countries.

## RESERVATION OF DEFENSES

14.     Further responding, ZoeTop state that it currently has insufficient information or knowledge on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. ZoeTop reserves the right to assert additional affirmative defenses in the event that discovery indicates it would appropriate.

## JURY DEMAND

ZoeTop requests a trial by jury of all issues triable by jury.


DATED:  February 16, 2021                          GREENBERG TRAURIG, LLP


                                                   By: /s/ *Valerie W. Ho*
                                                      Valerie W. Ho
                                                      Jie (Lisa) Li
                                                      Heather Silver
                                                      Attorneys for Defendant
                                                      ZOETOP BUSINESS CO., LIMITED
                                                      d/b/a SHEIN and ROMWE