1  GREENBERG TRAURIG, LLP
   Nina D. Boyajian (SBN 246415)
2  boyajiann@gtlaw.com
   Heather J. Silver (SBN 285509)
3  silverh@gtlaw.com
   1840 Century Park East, Suite 1900
4  Los Angeles, CA 90067-2121
   Telephone:  310-586-7700; Facsimile:  310-586-7800
5
   GREENBERG TRAURIG, LLP
6  Jie (Lisa) Li (SBN 260474)
   lil@gtlaw.com
7  4 Embarcadero Center #3000
   San Francisco, CA 94111
8  Telephone:  415-655-1300; Facsimile:  415-707-2010
9
   Attorneys for Defendant ZOETOP BUSINESS CO., LIMITED
10 d/b/a/ SHEIN and ROMWE

11 BRYAN CAVE LEIGHTON PAISNER LLP
   Marcy J. Bergman (SBN CA 75826)
12 marcy.bergman@bclplaw.com
   Alexandra C. Whitworth (SBN CA 303046)
13 alex.whitworth@bclplaw.com
   Ellen E. Whitehorn (SBN MO 71226, *pro hac vice*)
14 ellen.whitehorn@bclplaw.com
   Matthew Minder (SBN MO 61686 *pro hac vice*)
15 Matt.minder@bclplaw.com
   Three Embarcadero Center, 7th Floor
16 San Francisco, CA 94111-4070
   Telephone:  415-675-3400; Facsimile:  415-675-3434
17
   Attorneys for Plaintiff AIRWAIR INTERNATIONAL LTD.
18

19               **UNITED STATES DISTRICT COURT**

20   **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

21

22 | AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom, | CASE NO.:  3:20-cv-07696-SI |
23 | | Honorable Susan Illston |
   | Plaintiff, | |
24 | vs. | |
25 | | ~~[PROPOSED]~~ **STIPULATED PROTECTIVE ORDER** |
   | ZOETOP BUSINESS CO., LIMITED d/b/a/ SHEIN and ROMWE, a Hong Kong corporation, and DOES 1-50, inclusive, | |
26 | | |
27 | | Action Filed:   November. 2, 2020 |
   | Defendants. | Trial:            July 11, 2022 |
28

---

ACTIVE 59536689v1

Plaintiff AirWair International Ltd. ("Plaintiff" or "AirWair") and Defendant Zoetop Business Co., Limited ("Defendant" or "Zoetop," and collectively with Plaintiff, the "Parties," or individually, a "Party"), by and through their respective attorneys, hereby stipulate as follows, subject to approval from the Court.

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.    DEFINITIONS

2.1    **Action:** *AirWair International Ltd. v. Zoetop Business Co., Limited d/b/a Shein and Romwe*, Case No.: 3:20-cv-07696-SI before the U.S. District Court for the Northern District of California, including any counterclaims.

2.2    **Challenging Party:**  Party or Non-Party that challenges the designation of information or items under this Order.

2.3    **"CONFIDENTIAL" Information or Items:**  Information (regardless of how such information is generated, stored, or maintained) and tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4    **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items:** Information or Items that are Confidential but with further limited access for the use in this case because the disclosure of such to another Party or Non-Party would create a substantial risk of serious

1

harm that could not be avoided by less restrictive means. Such Information or Items may include, but is not limited to, that which is considered trade secret, or which may provide a competitive advantage.

2.5     **Counsel:**  Outside Counsel of Record and House Counsel (as well as their support staff).

2.6     **Designating Party:**  A Party or Non-Party that designates items or information that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL - ATTORNEYS EYES ONLY" or "CONFIDENTIAL."

2.7     **Disclosures or Discovery Materials:**  Any items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this Action.

2.8     **Expert:**  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9     **House Counsel:**  Attorneys who are employees of a Party or an entity that is a corporate parent of a Party, a corporate subsidiary of a Party, or a subsidiary of a corporate parent of a Party. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10     **Non-Party:**  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11     **Outside Counsel of Record:**  Attorneys who are not employees of a Party to this Action retained to represent a Party in this Action who have appeared in this Action on behalf of that Party, including support staff.

2.12     **Party:**  Any Party to this Action, including all of its officers, directors, employees, consultants, agents, retained experts, and Outside Counsel of Record (and their support staffs).

2.13     **Producing Party:**  A Party or Non-Party that provides information in Disclosures or produces Discovery Materials in this Action.

2.14     **Professional Vendors:**  Persons or entities that have been retained by a Party or its Counsel to provide litigation support services (e.g., photocopying, videotaping, translating, preparing

2

1  exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their

2  employees and subcontractors.

3         2.15  **Protected Material:** Any Disclosures or Discovery Materials that have been designated

4  as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" by any

5  Producing Party.

6         2.16  **Receiving Party:**  A Party that receives Disclosure or Discovery Material from a

7  Producing Party.

8  3.     SCOPE

9         The protections conferred by this Stipulation and Order cover not only Protected Material (as

10  defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies,

11  excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

12  presentations by Parties or their Counsel that might reveal Protected Material. However, the protections

13  conferred by this Stipulation and Order do not cover the following information: (a) any information that

14  is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public

15  domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this

16  Order, including becoming part of the public record through trial or otherwise; and (b) any information

17  known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

18  disclosure from a source who obtained the information lawfully and under no obligation of

19  confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by  the

20  orders of the trial judge. This Order does not govern the use of Protected Material at trial.

21  4.     DURATION

22         Even after final disposition of this litigation, the confidentiality obligations imposed by this

23  Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

24  otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and

25  defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion

26  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time

27  limits for filing any motions or applications for extension of time pursuant to applicable law.

28

ACTIVE 59536689v1

5.      DESIGNATING PROTECTED MATERIAL

        5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing or amending the inapplicable designation.

        5.2      Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

                (a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material.

        A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made

4

1    available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

2    ONLY." After the inspecting Party has identified the documents it wants copied and produced, the

3    Producing Party must determine which documents, or portions thereof, qualify for protection under this

4    Order. Then, before producing the specified documents, the Producing Party must affix the appropriate

5    legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each

6    page that contains Protected Material.

7           (b) For testimony given in deposition or in other pretrial or trial proceedings, that the

8    Designating Party identify on the record, before the close of the deposition, hearing, or other

9    proceeding, all protected testimony and specify the level of protection being asserted. When it is

10   impractical to identify separately each portion of testimony that is entitled to protection and it appears

11   that substantial portions of the testimony may qualify for protection, the Designating Party may invoke

12   on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21

13   days to identify the specific portions of the testimony as to which protection is sought and to specify

14   the level of protection being asserted. Only those portions of the testimony that are appropriately

15   designated for protection within the 21 days shall be covered by the provisions of this Stipulated

16   Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days

17   afterwards if that period is properly invoked, that the entire transcript shall be treated as

18   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19   Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other

20   proceeding to include Protected Material so that the other parties can ensure that only authorized

21   individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are

22   present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way

23   affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24   ONLY."

25   Transcripts containing Protected Material shall have an obvious legend on the title page that the

26   transcript contains Protected Material. The Designating Party shall inform the court reporter of this

27   requirement. Any transcript that is prepared before the expiration of a 21-day period for designation

28   shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL –

ACTIVE 59536689v1

1  ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that

2  period, the transcript shall be treated only as actually designated.

3          (c) For information produced in some form other than documentary and for any other

4  tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

5  containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

6  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7          5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate

8  qualified information or items does not, standing alone, waive the Designating Party's right to secure

9  protection under this Order for such material. Upon timely correction of a designation, the Receiving

10  Party must make reasonable efforts to assure that the material is treated in accordance with the

11  provisions of this Order.

12  6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

13          6.1     Timing of Challenges. Any Party or Non-Party may challenge a designation of

14  confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

15  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or

16  a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

17  confidentiality designation by electing not to mount a challenge promptly after the original designation

18  is disclosed.

19          6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by

20  providing written notice of each designation it is challenging and describing the basis for each

21  challenge. In conferring, the Challenging Party must explain the basis for its belief that the

22  confidentiality designation was not proper and must give the Designating Party an opportunity to review

23  the designated material, to reconsider the circumstances, and, if no change in designation is offered, to

24  explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the

25  challenge process only if it has engaged in this meet and confer process first or establishes that the

26  Designating Party is unwilling to participate in the meet and confer process in a timely manner.

27          6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention,

28  the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7

6

1   (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of

2   challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their

3   dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration

4   affirming that the movant has complied with the meet and confer requirements imposed in the preceding

5   paragraph. Failure by the Designating Party to make such a motion including the required declaration

6   within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for

7   each challenged designation. In addition, the Challenging Party may file a motion challenging a

8   confidentiality designation at any time if there is good cause for doing so, including a challenge to the

9   designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this

10   provision must be accompanied by a competent declaration affirming that the movant has complied with

11   the meet and confer requirements imposed by the preceding paragraph.

12        The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

13   Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary

14   expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

15   Designating Party has waived the confidentiality designation by failing to file a motion to retain

16   confidentiality as described above, all parties shall continue to afford the material in question the level

17   of protection to which it is entitled under the Producing Party's designation until the Court rules on the

18   challenge.

19   7.        ACCESS TO AND USE OF PROTECTED MATERIAL

20        7.1        Basic Principles. A Receiving Party may use Protected Material that is disclosed or

21   produced by another Party or by a Non-Party in connection with this Action only for prosecuting,

22   defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the

23   categories of persons and under the conditions described in this Order. When the Action has been

24   terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL

25   DISPOSITION).

26        Protected Material must be stored and maintained by a Receiving Party at a location and in a

27   secure manner that ensures that access is limited to the persons authorized under this Order.

28

7

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) provided that the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(h) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

ACTIVE 59536689v1

7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) One designated House Counsel of the Receiving Party to whom disclosure is reasonably necessary for this Action and who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the Expert is not a current officer, director, or employee of a competitor of a Party or anticipated to become one;

(d) The Court and its personnel;

(e) Court reporters and their staff;

(f) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(i) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

ACTIVE 59536689v1

8.       <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a Court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that Court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

9.       <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)       The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party, if so requested thereby.

(c)    If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11

ACTIVE 59536689v1

1    11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED

2            MATERIAL

3         When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

4    material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are

5    those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify

6    whatever procedure may be established in an e-discovery order that provides for production without

7    prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the Parties reach

8    an agreement on the effect of disclosure of a communication or information covered by the attorney-

9    client privilege or work product protection, the Parties may incorporate their agreement in the Stipulated

10   Protective Order submitted to the Court.

11   12.     MISCELLANEOUS

12         12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its

13   modification by the Court in the future.

14         12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no

15   Party waives any right it otherwise would have to object to disclosing or producing any information or

16   item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any

17   right to object on any ground to use in evidence of any of the material covered by this Protective Order.

18         12.3     Filing Protected Material. Without written permission from the Designating Party or a

19   Court order secured after appropriate notice to all interested persons, a Party may not file in the public

20   record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material

21   must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a

22   court order authorizing the sealing of the specific Protected Material at issue. If a Receiving Party's

23   request to file Protected Material under seal is denied by the Court, then the Receiving Party may file

24   the Protected Material in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise

25   instructed by the court.

26   13.     FINAL DISPOSITION

27         After the final disposition of this Action and within 60 days of a written request by the

28   Designating Party, each Receiving Party must return all Protected Material to the Producing Party or

ACTIVE 59536689v1

1   destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts,

2   compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

3   Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written

4   certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by

5   the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that

6   was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts,

7   compilations, summaries or any other format reproducing or capturing any of the Protected Material.

8   Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion

9   papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

10  exhibits, expert reports, attorney work product, and consultant and expert work product, even if such

11  materials contain Protected Material. Any such archival copies that contain or constitute Protected

12  Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

13

14          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

15

16  DATED:  August 27, 2021                    GREENBERG TRAURIG, LLP

17

18                                             By:/s/ Nina D. Boyajian
                                                  Nina D. Boyajian
19                                                Heather J. Silver
                                                  Attorneys for Defendant
20                                                ZOETOP BUSINESS CO., LIMITED

21

22                                  [*Signatures continue on next page*]

23

24

25

26

27

28

13

Case No.: 3:20-cv-07696-SI
[PROPOSED] STIPULATED PROTECTIVE ORDER

1    DATED:  August 27, 2021                          BRYAN CAVE LEIGHTON PAISNER LLP

2

3                                                     By: /s/ Matthew Minder
                                                          Marcy J. Bergman
4                                                         Alexandra C. Whitworth
                                                          Ellen E. Whitehorn
5                                                         Matthew Minder
                                                          Attorneys for Plaintiff
6                                                         AIRWAIR INTERNATIONAL LTD.

7

8                       **ATTESTATION RE ELECTRONIC SIGNATURE**

9           The filer of this document attests that all other Signatories to this document, on whose behalf this

10   filing is submitted, concur as to the content and have authorized their signature and filing of the

11   document.

12   DATED:  August 27, 2021                          By: /s/ Nina D. Boyajian
                                                          Nina D. Boyajian
13

14
     PURSUANT TO STIPULATION, IT IS SO ORDERED.
15

16
     DATED:  ___August 30, 2021_____        _____
17
                                                      Honorable Susan Illston
18
                                                      United States District Court Judge
19

20

21

22

23

24

25

26

27

28

                                                 14

                                                              Case No.: 3:20-cv-07696-SI
                                                     [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date], 2021, in the case of *AirWair International Ltd. v. Zoetop Business Co., Limited d/b/a Shein and Romwe*, Case No.: 3:20-cv-07696-SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                    [printed name]

Signature: _____
                    [signature]

15

ACTIVE 59536689v1