UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br><br> Plaintiff, <br><br> v. <br><br> ZOETOP BUSINESS CO., LIMITED, <br><br> Defendant. | Case No. 20-cv-07696-SI (RMI) <br><br> **ORDER RE: FIRST SET OF DISCOVERY DISPUTES** <br><br> Re: Dkt. Nos. 61, 63, 64, 67, 69, 70, 71, 72, 73, 85 |

Now pending before the court are a series of discovery disputes in a trademark infringement suit concerning the design and sale of certain footwear between Plaintiff and Counterclaim-Defendant AirWair International Ltd. ("AirWair") and Defendant and Counterclaim-Plaintiff Zoetop Business Co., Limited ("Zoetop"). Following the filing of several letter briefs (*see* dkts. 61, 63, 64, 67, 69, 70, 71, 72, & 73), the case was referred to the undersigned (dkt. 79) for the resolution of all pending and future discovery disputes. A review of the filings indicated that the Parties could benefit from further efforts in the meet and confer process; hence, the undersigned issued an order to that effect on December 10, 2021 (*see* dkt. 81). Thereafter, on December 17, 2021, the Parties filed another joint letter brief (dkt. 85), through which they informed the court that they had fully resolved the disputes presented in their letter briefs of December 2, 2021 (dkt. 70) and December 3, 2021 (dkt. 72). Accordingly, the requests encompassed in those filings (dkts. 70 & 72) are **DENIED as moot**. Further, the Parties also informed the court that they may be able to similarly resolve the disputes presented in another pair of letter briefs, filed on December 2, 2021 (dkt. 71) and December 3, 2021 (dkt. 73); hence, the Parties have jointly requested that the disputes encompassed in those filings (dkts. 71 & 73) be held in abeyance for two weeks. That request is **GRANTED** and the Parties are encouraged to continue their efforts at resolving those disputes without the need for court intervention. The court will now turn to the remaining issues in dispute, which have been summarized in the Parties' letter

brief of December 17, 2021 (dkt. 85), and which were originally presented in a series of letter briefs filed between October 29, 2021, and December 1, 2021 (*see* dkts. 61, 63, 64, 67, & 69).

**Dkt. 61 – AirWair's Request to Compel Further Responses to Certain Interrogatories**

AirWair seeks an order compelling further responses to six interrogatories (Set Two, Nos. 19-24) (*see* dkt. 61 at 14-15). AirWair contends that these interrogatories seek information about specific infringing footwear that Zoetop has allegedly sold after the institution of this suit and that the information sought is directly relevant to (1) AirWair's claims in this case because "that footwear infringes on the same trademarks and trade dress" asserted in this case; (2) AirWair's damages; and (3) whether Zoetop is liable for willful infringement. *See* Ltr. Br. (dkt. 85) at 2. The gist of the information sought by the interrogatories in question (pertaining to a number of post-filing infringing footwear styles, Set-1) is as follows: (1) ROG-19 seeks the date of first sale and the number of styles sold from that date to the present; (2) ROG-20 seeks annual sales amounts for US sales and the method used to calculate those amounts; (3) ROG-21 inquires about annual profits from those sales and the method used for its calculation; (4) ROG-22 seeks details about the process by which these footwear styles were designed and the names of all individuals involved in the design process; (5) ROG-23 asks for the names of any suppliers from which these footwear styles were purchased, that is, if they were purchased from a third party; and, (6) ROG-24 seeks information about any inquiries as to the authenticity or nature of the footwear styles, including inquiries as to whether there was an actual or potential connection or relationship between AirWair or Dr. Martens and any of the post-filing infringing footwear encompassed in Set-1. *See* Ltr. Br. of October 29, 2021, Exh. A (dkt. 61) at 14-15.

Zoetop argues that these interrogatories "seek to expand discovery to include unpled shoes despite the imminent close of fact discovery and ongoing expert discovery which depends on what products AirWair asserts . . . [and] [b]ecause AirWair has refused to amend its Complaint to include this footwear, there remains no basis to require Zoetop to search for and produce irrelevant information about products unrelated to any claim or defense in this case." *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 4. Zoetop's arguments are unpersuasive and take an unduly narrow view of relevance. First, AirWair has contended that the post-filing infringing footwear infringes

1   on the same trademarks and the same trade dress that has been asserted in this case; second, in
2   light of the fact that the post-infringing footwear is asserted to infringe on the same trademarks
3   and trade dress, the interrogatories appear to be logically related to the issue of damages as well;
4   and, third, the undersigned is similarly persuaded that the interrogatories seek information that is
5   logically related to the issue of willfulness as well. *See Levi Strauss & Co. v. Esprit US*
6   *Distribution, Ltd.*, No. C 07-910 SI, 2008 U.S. Dist. LEXIS 119866, at *10-11 (N.D. Cal. Mar. 28,
7   2008) (citing *Agilent Techs., Inc. v. Micromuse, Inc.*, 2004 U.S. Dist. LEXIS 20723, at *15
8   (S.D.N.Y. Oct. 19, 2004) (". . . a pleading need not identify every infringing product where some
9   other limiting parameter has been set forth or at least one purportedly infringing product has been
10  identified."). Similarly, putting aside the logical relevance to the issue of willfulness, the
11  Complaint in this case has sufficiently identified various limiting parameters in the footwear that
12  has been specifically included in the Complaint (*see generally* Compl. (dkt. 1) at 3-14) such that
13  the undersigned is persuaded that AirWair's burden of establishing the relevance of the
14  interrogatories in question has been satisfied. Accordingly, Zoetop's objections are
15  **OVERRULED** and AirWair's request to compel further responses to the above-described
16  interrogatories is **GRANTED**.

17  **Dkt. 63 – AirWair's Request to Compel Zoetop to Fully Respond to Interrogatory No. 13**

18  Through ROG-13, AirWair seeks the identification of "each person who has any
19  responsibility for or knowledge of the advertising, marketing and/or sale of the Alleged Infringing
20  Footwear." *See* Ltr. Br. of November 18, 2021, Exh. A (dkt. 63) at 16. AirWair has justified
21  seeking this information as such: (1) AirWair has asserted trademark infringement and
22  counterfeiting claims based on Zoetop's marketing and sale of footwear bearing AirWair's
23  trademarks and trade dress. *Id*. at 2. Zoetop's response provided the name of one employee, Lynn
24  Xu, Senior Marketing Manager, who was asserted to have "general information regarding
25  Zoetop's marketing practices." *Id*. AirWair's dissatisfaction with Zoetop's response appears to be
26  two-fold: (1) AirWair seems to want the names of more persons, literally anyone involved in
27  marketing, advertising, or sales related to any of the allegedly infringing products; and (2) the
28  present or last known business addresses for all such persons. *Id*. Zoetop objects – on relevancy

3

and proportionality grounds. *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 4-5. In this regard, Zoetop submits that "there are no individuals responsible for marketing footwear – let alone the specific footwear at issue – as distinct from marketing, generally." *Id*. Zoetop then adds that "[r]equiring [it] to interview thousands of employees across the world to assess if they would be considered 'responsible] for marketing or sales is a fishing expedition and ignores the substantial discovery AirWair has taken and will take on relevant advertising, marketing, and sales, including by way of Zoetop's designated corporate representative. *Id*. at 5. In this regard, the court finds that AirWair has not carried its burden of establishing the necessity and proportionality of the "further responses" it seeks to ROG-13. However, to the extent that AirWair still seeks a business address for Ms. Xu, that request is **GRANTED** and Zoetop is directed to furnish that information if it has not done so already. Otherwise, AirWair's request to compel further responses to ROG-13 is **DENIED** because AirWair has failed to even assert, let alone demonstrate, that it cannot get the pertinent information it needs to prove its claims or defenses, in this regard, through Zoetop's Senior Marketing Manager.

**Dkt. 64 – AirWair's Request to Compel Information re: Past Intellectual Property Claims**

Initially, the court will note that the "Parties narrowed the issues raised by ECF 64 and 67 by agreeing that neither side must produce settlement agreements." *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 3. At issue here are AirWair's RFP No. 10 (seeking "[d]ocuments sufficient to show all claims of U.S. Intellectual property infringement asserted against You, whether in court or by demand letter.") and RFP No. 19 (seeking "[n]on-privileged Documents sufficient to show all intellectual property infringement claims, settlements, and litigation involving You."). *See id*. at 3; *see also* Ltr. Br. of November 18, 2021, Exh. A (dkt. 64) at 15-16. In support of this request, AirWair contends that this information is relevant to issues such as bad faith and willful infringement, adding that "Zoetop's purported concern about admissibility at trial cannot justify its refusal to produce these documents. In support of its request, AirWair cites to Judge Scheindlin's opinion in *Gucci Am., Inc. v. Guess?, Inc.*, 858 F. Supp. 2d 250, 254 (S.D.N.Y. 2012) (declining a request to preclude evidence about third-party cease-and-desist letters from other fashion companies and finding the information relevant to the issue of bad faith, thus, finding the

information "presumptively admissible under Federal Rule of Evidence 402," and declining to exclude the evidence under Rule 403, upon finding that the probative value was not substantially outweighed by the waste of time it might cause). Zoetop's principal objection to producing this material is two-fold: (1) Zoetop submits a good-for-the-goose, good-for-the-gander objection by contending that AirWair cannot seek such discovery that is unrelated to pleaded intellectual property while resisting similar discovery (in dkt. 67) that *is* related to the pleaded intellectual property; and (2) Zoetop contends that AirWair's request drastically expands the universe of discovery which "would result in many trials within trials as Zoetop would be compelled to explain the context for and its defenses to any third-party claims." *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 4. Zoetop's objections are unpersuasive. First, its good-for-the-goose argument is undermined by the fact that (*see infra*) AirWair contends that it has already produced the documents (encompassed in dkt. 67) sought by Zoetop. More importantly, Zoetop's second argument is essentially an objection under F.R.E. 403 to the effect that the probative value of this information is outweighed by its propensity to waste time at trial. While that may or may not be true – it is not a question for today, and Zoetop's Rule 403 objection is premature. Discovery is to be allowed as to all non-privileged information that is relevant to a claim or defense and proportional to the needs of the case, and information within that scope need not be admissible in evidence to be discoverable. *See e.g.*, *Peng v. Nw. Mut. Life Ins. Co.*, No. 17-cv-01760-SI, 2017 U.S. Dist. LEXIS 109760, at *2 (N.D. Cal. July 14, 2017) ("Pre-trial discovery is ordinarily accorded a broad and liberal treatment.") (quoting *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). Accordingly, because Zoetop's Rule 403 objection must be presented to the presiding judge at the appropriate time; because that objection is unrelated to the standard for whether the information is discoverable rather than admissible; and, because AirWair's showing regarding its relevance and proportionality are persuasive, Zoetop's objections are **OVERRULED** and AirWair's request to compel this information is **GRANTED**.

**Dkt. 67 – Zoetop's Efforts to Establish that Much of the Pleaded IP is Not Protectable**

Through ROG-4 and RFP Nos. 3, 4, 7, and 26 (*see generally* Ltr. Br. of November 30, 2021, Exh. A & B (dkt. 67) at 13-14, 17, 30) Zoetop seeks information related to various facets of

AirWair's efforts to defend and police its intellectual property rights such as to establish that much of the pleaded intellectual property is not protectable and to investigate AirWair's claims. *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 4. In turn, AirWair claims that it has already produced more than 149 documents, consisting of 4,498 pages of its cease and desist letters, complaints, and similar documents showing its efforts to police its intellectual property. *See id*. at 3. Zoetop's portion of the latest joint letter brief (dkt. 85) does not address AirWair's statement to the effect that it has already "complied with its discovery obligations by producing these documents, despite the fact that they are only of attenuated relevance." *See id*. at 3. Once again, the court will note that this sort of misdirected argument – where parties argue past one another – demonstrates inadequate efforts at the meet-and-confer process and operate to waste the court's time and scarce judicial resources. Since AirWair claims to have discharged its obligations as to Zoetop's discovery requests (in dkt. 67) and since Zoetop's portion of the most recently filed letter brief (dkt. 85 at 3-6) does not identify any missing information or any deficient production, Zoetop's motion to compel the information encompassed by ROG-4 and RFP Nos. 3, 4, 7, and 26 is **DENIED as moot**. However, in order to prevent the Parties from saddling the court with an element of this same dispute for a third time – to the extent that AirWair has not yet given a fulsome response to ROG-4, or to the extent that any production remains outstanding regarding RFP Nos. 3, 4, 7, and 26, AirWair is **ORDERED** to produce that discovery forthwith (excepting of course any settlement agreements which were expressly excluded from both Parties' requests by subsequent stipulation).

### Dkt. 69 – Zoetop's Request to Compel Responses to ROG-6 and its Second Set of RFAs

Here, the Parties once again argue past one another and fail to address each other's contentions and concessions – rendering the court's task difficult, if not impossible. Zoetop contends that the Complaint does not apprise it of what infringement claims it must defend for each product, necessitating it to propound ROG-6, which asks AirWair to identify which product allegedly infringes which pleaded intellectual property and why. *See* Ltr. Br. of December 17, 2021 (dkt. 85) at 4. Zoetop then adds that "[t]o date, AirWair *still* refuses to disclose why any footwear infringes the Pleaded IP, either by properly answering Zoetop's Interrogatory No. 6 or

6

providing unqualified answers to these RFAs." *Id*. For its part, AirWair states that it has prepared an 18-page response to ROG-6 which it has appended to the latest letter brief. *See id*. Exh A (dkt. 85) at 7-26. AirWair also notes that, during the meet and confer process, Zoetop has taken the position that its RFSs 23-193 were only necessary to discover information sought by ROG-6, to which Zoetop claimed that AirWair had insufficiently responded. *Id*. at 3. Consequently, AirWair contends that its "amended response to Interrogatory 6 resolves and/or moots ECF 69." *Id*. Disappointingly, Zoetop's portion of the letter brief simply ignores AirWair's contentions and its amended response to ROG-6. This leaves the court with an incomplete set of arguments on which to base a reasoned decision. However, because Zoetop bears the burden of persuasion on what is in essence its request to compel discovery, the court can easily find that Zoetop has failed to carry that burden. While Zoetop contends that AirWair must either properly answer ROG-6 or give unqualified answers to the RFAs (*see id*. at 4), AirWair contends that it has now submitted an amended response to ROG-6 about which Zoetop's portion of the letter brief is silent. Because of that silence, the court must assume that Zoetop has no complaints about AirWair's amended answer to ROG-6, and therefore Zoetop's request to compel an amended response to ROG-6 is **DENIED as moot**.

Going forward, the court expects significantly more from the Parties regarding their efforts to narrow their arguments and to coordinate and focus them to an intelligible and comprehensible set of well-organized and well-presented disputes that are easily justiciable. For the reasons described herein (as well as due to not taking the meet and confer process as seriously as they should), the Parties' submissions of their discovery disputes thus far have been woefully deficient in that regard.

**IT IS SO ORDERED.**

Dated: December 23, 2021.

ROBERT M. ILLMAN
United States Magistrate Judge