UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br> Plaintiff, <br> v. <br> ZOETOP BUSINESS CO., LIMITED, <br> Defendant. | Case No. 20-cv-07696-SI (RMI) <br><br> **ORDER RE: SECOND SET OF DISCOVERY DISPUTES** <br><br> Re: Dkt. No. 86 |

Now pending before the court is another discovery dispute wherein Defendant seeks leave to move for a Letter of Request such that it can obtain deposition testimony and documents from a third-party corporation (NPS Shoes, Ltd.) in the United Kingdom. For the following reasons, Defendant's request is denied.

Only three things need to be noted by way of background. First, Plaintiff has sued Defendant for trademark infringement and dilution (under state and federal law), for false designation of origin, and for unfair competition under state law – all of which relate to the design, manufacture, and sale of certain footwear. *See generally* Compl. (dkt. 1). Second, Defendant has advanced fifteen affirmative defenses (failure to state a claim, invalidity due to being generic, functionality, fair use, lack of secondary meaning, trademark misuse, adequate remedy at law, duplicative claims, no punitive damages, no extraterritorial application, cancellation, cancellation by restriction, restriction of trade dress, laches, and estoppel / waiver), as well as six counterclaims (cancellation or cancellation by restriction as to four registrations, and declaration of restriction of rights for the asserted trade dress in two regards). *See* Amend. Answer (dkt. 57) at 20-36. Third, the Parties have bombarded the court's docket with an inordinate number of discovery disputes

1    (nearly all of which could have, and very well should have, been resolved without the need for

2    court intervention had the meet-and-confer process been approached with even a modicum of

3    good faith effort). *See e.g.*, dkts. 61, 63, 64, 67, 69, 70, 71, 72, 73, 85, 86, & 88.

4          In the current dispute, Defendant seeks to invoke provisions of the 1970 Hague

5    Convention on Taking of Evidence Abroad in Civil or Commercial Matters such that it can obtain

6    deposition testimony and documents from NPS Shoes in the United Kingdom. *See* Ltr. Br. (dkt.

7    86) at 2. In essence, Defendant is interested in making some use of certain information related to

8    prior trademark enforcement litigation, filed in this district, between Plaintiff and (among others)

9    NPS Shoes. *See id*. at 2-3, 5. Defendant contends that "[w]hile NPS's allegations in that case do

10   not necessarily carry weight in this one, the subject matters comprising NPS's infringement

11   disputes with AirWair indisputably bear on the validity of the IP AirWair now asserts against

12   Zoetop, not to mention Zoetop's counterclaims which seek to cancel or limit IP that NPS

13   challenged" in the prior litigation. *Id*. at 3. Defendant's only explanation regarding why it could

14   not secure the information in which it is interested either from the public docket of the former

15   litigation or directly from Plaintiff in this case through ordinary discovery mechanisms is a

16   statement to the following effect: "AirWair recently informed Zoetop that it will not produce a

17   corporate representative to testify on 29 noticed topics, all of which target this case's central

18   claims and defenses." *Id*. Defendant then adds that "[e]ach of the document requests and

19   deposition topics described in Zoetop's forthcoming Motion for Letter of Request will allow the

20   parties to obtain full and accurate discovery concerning the scope of NPS's rights in the U.S. to

21   use footwear elements that AirWair claims exclusive rights to, the overlap between NPS's IP and

22   AirWair's IP, and NPS's disputes with AirWair that bear directly on the purported IP AirWair

23   asserts against Zoetop in this litigation." *Id*. at 4.

24         As an attachment to the currently-pending letter brief, Defendant has included a list 19

25   proposed deposition topics that seem to either constitute information that could be requested

26   directly from Plaintiff, or information that could possibly be gleaned from the public dockets of

27   the prior litigation, or information of such remote and attenuated relevance and materiality that

28   forcing a foreign non-party (or, frankly, any party, including Plaintiff) to produce that information

would be wildly disproportionate to the needs of the case and would constitute an undue burden on that party. *See* Ltr. Br., Exh. A (dkt. 86) at 15-16. The same is true for the 18 requests for production of documents attached by Defendant to the joint letter brief. *See id.* at 18-19. "If [parties] wish to depose [] third party foreign witnesses, then they must do so in accordance with the procedures for obtaining a third party deposition under the Federal Rules of Civil Procedure and the Hague Convention." *Verinata Health, Inc. v. Sequenom, Inc.*, No. C 12-00865 SI, 2014 U.S. Dist. LEXIS 66506, at *6 (N.D. Cal. May 9, 2014). In addition to the discovery standards under Rule 26 incorporated by Rule 45, Rule 45 itself provides that "on timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it . . . subjects a person to undue burden." Rule 45(c)(3)(A). Naturally, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden at all that might be imposed would be, by definition, an undue burden. *See Compaq Computer Corp. v. Packard Bell Elec., Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995). Underlying the protections of Rule 45 is the recognition that the term "non-party" serves as a constant reminder of the reasons for the limitations that characterize third-party discovery. *See Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Thus, a court determining the propriety of such third-party discovery must balance the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena. *See Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

Putting aside the international dimension of Defendant's discovery requests, an important prerequisite for engaging in any kind of third-party discovery is to avoid saddling those third parties with an undue burden; therefore, any party seeking third-party discovery must be able to explain not only why that discovery is relevant and proportional, but also why it could not be obtained from a party to the litigation. *See In re LG Electronics Deutschland GmbH*, 2012 U.S. Dist. LEXIS 70570, 2012 WL 1836283, at *2 ("[T]he information to be sought from Qualcomm . . . relates exclusively to Qualcomm's licensing or authorized use of Mitsubishi intellectual property. Mitsubishi is the plaintiff in the German action . . . LG has not explained why that information cannot be obtained from Mitsubishi in either lawsuit."); *see also In re Apple, Inc.*, No. 15cv1780

BAS(RBB), 2015 U.S. Dist. LEXIS 137147, at *9 (S.D. Cal. Oct. 7, 2015) ("Ericsson is a party to the foreign litigation, (Ex Parte Appl. 2), and likely also possesses this information. Applicant has not shown that it cannot obtain this information from Ericsson.").

Here, even if one were to overlook the fact that the vast majority of Defendant's document requests and deposition topics are of such remote and marginal relevance as to be disproportional to the needs of this case, one cannot overlook the inadequacy of Defendant's explanation as to why this information (or at least a sufficient quantum of it) could not be secured from the public docket of the prior litigation, or secured directly from Plaintiff who, of course, was a party to that litigation. Instead, Defendant simply states that it requested (some or all of) this information from Plaintiff, that it was rebuffed (while failing to mention that it never moved to compel the production of that information), that it then unsuccessfully attempted to serve a third-party subpoena on NPS's local representative, and that its last recourse is to now seek foreign discovery inside the United Kingdom under the Hague Convention with the court's assistance.

Regarding the information Defendant seeks, the court finds that Defendant has failed to carry its burden by way of establishing relevance, or proportionality, or necessity or importance to the litigation, or venturing to even discuss (let alone establish) whether the information it seeks from abroad originated, and can be secured, in the United States, or the availability of alternative means to securing that information, or the extent to which the relative interests of the United States and United Kingdom would be undermined or vindicated by granting or denying Defendant's request. Therefore, for these reasons, in addition to all the reasons asserted by Plaintiff (*see* Ltr. Br. (dkt. 86) at 4-6), Defendant's request to engage in foreign depositions and document production from NPS Shoes in the United Kingdom is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 23, 2021

ROBERT M. ILLMAN
United States Magistrate Judge

4