UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD.,<br><br>Plaintiff,<br><br>v.<br><br>ZOETOP BUSINESS CO., LIMITED,<br><br>Defendant. | Case No. 20-cv-07696-SI (RMI)<br><br>**ORDER RE: MOTION TO SEAL**<br><br>Re: Dkt. No. 87 |

The Parties have moved to file certain portions of a discovery dispute letter brief (along with certain portions of the attached exhibits) under seal. *See* Adm. Mot. (dkt. 87). The Parties' motion, however, is due to be denied for a number of reasons. First, Local Civil Rule 79-5(c) requires that mere "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable"; and yet, that is the *only* asserted basis for seeking to place the redacted portions of the documents in question under seal. *See* Adm. Mot. (dkt. 87) at 2-3; *see also* Poppen Decl. (dkt. 87-1) at 2. Further, Local Civil Rule 79-5(c)(1) requires the Parties to include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Here, the Parties have completely overlooked these requirements and have merely stated that the redacted portions of the documents in question were simply designated by one party as "confidential."

In order for this court to enter an order sealing material which is not of the sort that is "traditionally kept secret" from public view, the proponent must overcome a strong presumption in favor of public access – that is the starting point – and overcoming that presumption requires the articulation of compelling reasons that can support specific factual findings that would

1 outweigh the historical bases for public access and the underlying policies favoring disclosure,
2 such as (for example) the overriding public interest in understanding the judicial process. *See*
3 *generally Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). In this
4 regard, the courts must balance the competing interests of the public against those of the party who
5 seeks to keep certain judicial records secret, and after considering those interests, if the court
6 decides to seal certain judicial records, it must base its decision to do so on a compelling reason
7 and it must articulate the factual basis for that ruling without relying on hypothesis or conjecture.
8 *Id*.

9 Generally speaking, "compelling reasons" sufficient to outweigh the public's interest in disclosure such as to justify sealing court records would exist when, for example, the information in question might become a vehicle for improper purposes, like the gratification of private spite, or the promotion of public scandal, or the circulation of libelous statements, or (more commonly) the release trade secrets – however, the mere fact that the production of records might lead to a litigant's embarrassment, incrimination, or even the exposure to further litigation will not, without more, compel a court to seal its records. *Id*. at 1179. Quite apart from the Parties' failure to comply with even the most basic provisions of Civ. L.R. 79-5, the court has reviewed and considered the redactions in question in light of the applicable legal standards (including the good-cause standard applicable to documents produced in discovery) and finds that none of the proposed redactions are suitable for being sealed and kept out of the public record under any applicable standard. Accordingly, the Administrative Motion to Seal (dkt. 87) is **DENIED** and the Parties are **ORDERED** to re-file their letter brief and the exhibits thereto (dkt. 88) without any redactions on the publicly available docket of this case within seven (7) days from the date of this order.

**IT IS SO ORDERED.**

Dated: December 27, 2021

ROBERT M. ILLMAN
United States Magistrate Judge