UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., <br> Plaintiff, <br> v. <br> ZOETOP BUSINESS CO., LIMITED, <br> Defendant. | Case No. 20-cv-07696-SI   (RMI) <br><br> **ORDER RE: THIRD SET OF DISCOVERY DISPUTES** <br> Re: Dkt. No. 88 |

Now pending before the court is another discovery dispute pertaining to Plaintiff's efforts to seek documents and information related to the particulars of Defendant's position regarding Plaintiff's willfulness allegations. *See generally* Ltr. Br. (dkt. 88) at 2, 4-6. Plaintiff has pleaded claims for, *inter alia*, trademark infringement and counterfeiting arising from Defendant's sale of footwear allegedly bearing Plaintiff's trademarks and trade dress; additionally, Plaintiff has also asserted that Defendant's alleged infringement was willful. *Id*. at 2.

Defendant has denied Plaintiff's willfulness allegation – a denial which Plaintiff sought to further investigate through Interrogatory No. 10, to which Defendant responded by detailing its four-level review process that has been allegedly designed to avoid buying and selling products "that may infringe third party rights." *Id*. The process involves the following elements: (1) Defendant's buyers are trained to adopt certain practices designed to avoid buying products that may infringe third-party rights; (2) buyers submit the products they purchase to editors who further screen them for potential infringement; (3) a content review team in the United States then reviews products submitted for potential sale in the United States for potential infringement; and, (4) Defendant allegedly uses certain image recognition software to detect products that may

1    infringe third party rights. *Id*. In light of Defendant's contentions, Plaintiff promulgated a number
2    of requests for production ("RFP") that were intended to serve as a vehicle for Plaintiff to be able
3    to independently assess and investigate Defendant's asserted willfulness defenses – specifically,
4    RFP Nos. 65-76. *See id*. at 2; *see also id.*, Exh. A., at 15-17.

5    In order to address Defendant's concern about the geographic and temporal scope of the
6    RFPs, Plaintiff has offered to limit the scope "to responsive documents showing or pertaining to
7    such detection procedures that [Defendant] applied to products sold to customers in the United
8    States, from the date the first of the subject products went through the purported [four-step]
9    process, to the present." *Id*. at 2-3. Obviously, Plaintiff propounded these RFPs to avoid having to
10   simply take Defendant's word regarding the existence, implementation, and application of its 4-
11   level infringement screening process to the footwear at issue in this case. In other words, Plaintiff
12   now seeks the production of responsive documents and information that would show exactly how
13   this 4-level process was employed with regards to the allegedly infringed products at issue in this
14   litigation. As a threshold matter, having reviewed the RFPs as originally phrased (*see id*. at 15-17),
15   and having considered Plaintiff's proposed narrowing in terms of geographic and temporal scope,
16   the court finds Plaintiff's narrowing of the scope to be both reasonable and necessary; therefore,
17   the court herewith **ORDERS** that the production that Defendant shall be compelled to make herein
18   shall be subject to this narrowed scope.

19   Defendant first objects on the grounds that the discovery in question should not be
20   construed to apply to "Post-Filing Infringing Footwear Set 1 . . . for the [same] reasons set forth in
21   ECF No. 61." That objection has already been overruled. *See* Order of December 23, 2021 (dkt.
22   89) at 2-3. For the same reasons previously explained, Defendant's objection to the effect that
23   Plaintiff's failure to amend its complaint to expressly identify the footwear described as the "Post-
24   Filing Infringing Footwear Set 1" should disentitle it to discovery related to those items of
25   footwear is **OVERRULED** because the Complaint sufficiently identified various limiting
26   parameters in the footwear that was specifically included such as to establish the relevance of the
27   discovery in question.

28   Defendant's secondary objection concerns what it asserts to constitute the "wildly

disproportionate" burden of searching for the documents and information that might serve as a foundation for its assertions: (A) that it has a 4-level process designed to prevent the sort of infringement alleged in this case, and (B) that the 4-level process was in fact applied to the footwear at issue in this case. *Id*. at 5-6. Defendant contends that it cannot produce this information without great burden as it would "necessitate armies of qualified technicians to manually analyze hundreds of thousands of irrelevant messages, images, and any other documents conceivably considered a 'Communication' to determine if any was responsive to [Plaintiff's] overbroad RFPs." *Id*. at 5. Two things should be noted at this point. First, the court finds this assertion to be hyperbolic and unpersuasive because: (1) Defendant has not explained why *the text* of these messages cannot be subjected to the same sort of word-searches as would be the case with most types of electronically stored information, particularly emails and other such messages; and (2) the touting of "image recognition software" in level-4 of the 4-level infringement detection process serves to undermine Defendant's current assertion that "armies of qualified technicians" would be needed to "manually analyze" the very images that were previously allegedly screened using image recognition software. Much more importantly, the second thing that should be noted is that Defendant cannot both keep and eat its cake – that is, it would be manifestly unfair to permit Defendant to hide behind the shield of its asserted willfulness defense (i.e., the alleges existence and deployment of a 4-level infringement screening process) while allowing Defendant to claim disproportionality in order to effectively preclude any meaningful inquiry by Plaintiff into whether or not the 4-level process actually exists and, if so, further inquiries into how exactly the process was applied to the footwear at issue in this case. In short, the court is unpersuaded that the burden is of the magnitude that is asserted by Defendant, and even if such is the case, the court finds any such burden to be eminently proportional to the needs of the case due to Defendant's desire to rely on its assertions about its 4-level infringement screening process in response to Plaintiff's willfulness allegations.

Defendant, therefore, must choose – either withdraw reliance on the 4-level screening process as a response to Plaintiff's willfulness allegations (thereby relieving itself of the burden given rise to by its own assertion that it has used such a screening process), *or* Defendant must

bear the necessary burden (which, frankly, is a self-imposed burden) of properly responding to RFPs that seek documentation of both the existence *and* the application of that 4-level process to the footwear at issue in this litigation. Accordingly, Defendant's objections are **OVERRULED** and Defendant is **ORDERED** to produce the discovery in question forthwith by whatever means necessary, *or* (in the alternative) to amend its response to Plaintiff's Interrogatory No. 10 such as to disclaim any reliance on the alleged 4-level infringement screening process in response to Plaintiff's willfulness allegations.

**IT IS SO ORDERED.**

Dated: December 27, 2021

ROBERT M. ILLMAN
United States Magistrate Judge